CARLSMITH BALL LLP

MICHAEL M. PURPURA         9121
MICHAEL J. SCANLON         9400
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. (808) 523-2500
Fax No. (808) 523-0842
mpurpura@carlsmith.com
mscanlon@carlsmith.com

WILMER CUTLER PICKERING HALE AND DORR LLP

MARK M. MATUSCHAK (*pro hac vice* application to be filed)
WENDY H. VERLANDER (*pro hac vice* application to be filed)
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
mark.matuschak@wilmerhale.com
wendy.verlander@wilmerhale.com

MICHAEL D. JAY (*pro hac vice* application to be filed)
TIMOTHY B. YOO (*pro hac vice* application to be filed)
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
michael.jay@wilmerhale.com
timothy.yoo@wilmerhale.com

Attorneys for Defendants and Counterclaimants
RESEARCH IN MOTION LTD. and
RESEARCH IN MOTION CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GPNE CORP., | CIVIL NO. 11-00426 JMS RLP |
| Plaintiff, | DEFENDANTS RESEARCH IN MOTION LIMITED AND RESEARCH IN MOTION CORPORATION'S ANSWER TO COMPLAINT FILED JULY 1, 2011; DEMAND FOR JURY TRIAL; COUNTERCLAIMS; CERTIFICATE OF SERVICE |
| vs. | |
| AMAZON.COM, INC., APPLE INC., BARNES & NOBLE, INC., GARMIN LTD., GARMIN INTERNATIONAL, INC., NOKIA CORPORATION, NOKIA, INC., PANTECH CO., LTD., PANTECH WIRELESS, INC., RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORPORATION, SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, SONY ERICSSON MOBILE COMMUNICATIONS AB, AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., | No Trial Date Set |
| Defendants. | |

**DEFENDANTS RESEARCH IN MOTION LIMITED
AND RESEARCH IN MOTION CORPORATION'S
<u>ANSWER TO COMPLAINT FILED JULY 1, 2011</u>**

Defendants Research In Motion Limited ("RIM Ltd.") and Research In

Motion Corporation ("RIM Corp.") (collectively, "RIM"), by and through their

counsel, Carlsmith Ball LLP and Wilmer Cutler Pickering Hale and Dorr LLP,

hereby answer the complaint of Plaintiff GPNE Corp. ("GPNE"), filed on July 1,

2011 (the "Complaint"), as follows:

<strong><u>PARTIES</u></strong>

1.      RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis

denies the same.

<strong><u>Amazon</u></strong>

2.      RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis

denies the same.

3.      RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis

denies the same.

<strong><u>Apple</u></strong>

4.      RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis

denies the same.

5.      RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis

denies the same.

**Barnes & Noble**

6.      RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies the same.

7.      RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies the same.

**Garmin**

8.      RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies the same.

9.      RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies the same.

10.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies the same.

11.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies the same.

**Nokia**

12.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies the same.

13.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies the same.

14.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies the same.

15.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies the same.

**Pantech**

16.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies the same.

17.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies the same.

18.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies the same.

19.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies the same.

## Research In Motion

20.     With respect to the allegations in paragraph 20 of the Complaint, RIM admits that RIM Ltd. is a corporation organized and existing under the laws of the province of Ontario, Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8 Canada.  To the extent that the remaining allegations in paragraph 20 consist of conclusions of law, no answer is required. To the extent the remaining allegations in paragraph 20 are not conclusions of law, RIM denies these remaining allegations.

21.     With respect to the allegations in paragraph 21 of the Complaint, RIM admits that RIM Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Irving, Texas.  RIM also admits that RIM Corp.'s registered agent for service of process in Delaware is Corporation Trust Center, 1209 Orange Street, Delaware 19801.  To the extent that the remaining allegations in paragraph 21 consist of conclusions of law, no answer

is required.  To the extent the remaining allegations in paragraph 21 are not

conclusions of law, RIM denies these remaining allegations.

22.     Paragraph 22 consists of a naming convention that GPNE uses

throughout the Complaint, to which no answer is required.

23.     With respect to the allegations in paragraph 23 of the Complaint, RIM

admits that certain of its products are sold and offered for sale in this district.  To

the extent the remaining allegations are conclusions of law, no answer is required.

To the extent the remaining allegations are not conclusions of law, RIM denies

these remaining allegations.

## **Sharp**

24.     RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis

denies the same.

25.     RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis

denies the same.

26.     RIM is without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis

denies the same.

27.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies the same.

## **Sony Ericsson**

28.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and on that basis denies the same.

29.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies the same.

30.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies the same.

31.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph and 31 of the Complaint, and on that basis denies the same.

## **JURISDICTION AND VENUE**

32.     With respect to the allegations in paragraph 32 of the Complaint, RIM admits that GPNE purports to bring a patent infringement action against RIM arising under Title 35 of the United States Code, but denies that GPNE is entitled

to any relief.  To the extent the remaining allegations in paragraph 32 are conclusions of law, no answer is required.  To the extent the remaining allegations in paragraph 32 are not conclusions of law, RIM denies these remaining allegations.

33.     With respect to the allegations in paragraph 33 of the Complaint as they relate to any other defendant, RIM is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies the same.  RIM denies that there is no clearly more convenient venue for the allegations in the Complaint.  To the extent that the allegations consist of conclusions of law, no answer is required.  To the extent the allegations are not conclusions of law, RIM denies these allegations as they relate to RIM.

34.     With respect to the allegations in paragraph 34 of the Complaint as they relate to any other defendant, RIM is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies the same.  To the extent that the allegations consist of conclusions of law, no answer is required.  To the extent the allegations are not conclusions of law, RIM denies these allegations as they relate to RIM.

## FACTUAL BACKGROUND AND ALLEGATIONS

35.     With respect to the allegations in paragraph 35 of the Complaint, RIM admits that United States Patent No. 7,555,267 (the "'267 patent") was issued on

June 30, 2009 and is entitled "Network Communication System Wherein A Node Obtains Resources For Transmitting Data By Transmitting Two Reservation Requests."  RIM also admits that a purported copy of the '267 patent is attached as Exhibit A to the Complaint.  RIM denies each and every allegation not specifically addressed above.

36.     RIM denies the allegations in paragraph 36 of the Complaint.

37.     With respect to the allegations in paragraph 37 of the Complaint, RIM admits that United States Patent No. 7,570,954 (the "'954 patent") was issued on August 4, 2009 and is entitled "Communication System Wherein A Clocking Signal From A Controller, A Request From A Node, Acknowledgement Of The Request, And Data Transferred From The Node Are All Provided On Different Frequencies, Enabling Simultaneous Transmission Of These Signals."  RIM also admits that a purported copy of the '954 patent is attached as Exhibit B to the Complaint.  RIM denies each and every allegation not specifically addressed above.

38.     RIM denies the allegations in paragraph 38 of the Complaint.

39.     With respect to the allegations in paragraph 39 of the Complaint, RIM admits that United States Patent No. 7,792,492 (the "'492 patent") was issued on September 7, 2010 and is entitled "Network Communication System With An Alignment Signal To Allow A Controller To Provide Messages To Nodes And

Transmission Of The Messages Over Four Independent Frequencies."  RIM also admits that a purported copy of the '492 patent is attached as Exhibit C to the Complaint.  RIM denies each and every allegation not specifically addressed above.

40.    RIM denies the allegations in paragraph 40 of the Complaint.

41.    RIM is without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint, and on that basis denies the same.

## COUNT ONE
### (INFRINGEMENT OF THE '267 PATENT)

42.    RIM incorporates its answers in response to the allegations in paragraphs 1 through 41 of the Complaint as if fully set forth here.

43.    With respect to the allegations in paragraph 43 of the Complaint, RIM admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies that GPNE is entitled to any relief.

44.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and on that basis denies the same.

45.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies the same.

46.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies the same.

47.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies the same.

48.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and on that basis denies the same.

49.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and on that basis denies the same.

50.    RIM denies the allegations in paragraph 50 of the Complaint.

51.    RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and on that basis denies the same.

52.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and on that basis denies the same.

53.     With respect to the allegations in paragraph 53 of the Complaint, RIM is without knowledge or information sufficient to form a belief as to their truth as they pertain to any other defendant, and on that basis denies the same.  RIM denies the allegations as they pertain to RIM.

## COUNT TWO
(INFRINGEMENT OF THE '954 PATENT)

54.     RIM incorporates its answers in response to the allegations in paragraphs 1 through 41 of the Complaint as if fully set forth here.

55.     With respect to the allegations in paragraph 55 of the Complaint, RIM admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies that GPNE is entitled to any relief.

56.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and on that basis denies the same.

57.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, and on that basis denies the same.

58.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint, and on that basis denies the same.

59.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint, and on that basis denies the same.

60.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint, and on that basis denies the same.

61.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint, and on that basis denies the same.

62.     RIM denies the allegations in paragraph 62 of the Complaint.

63.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint, and on that basis denies the same.

64.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint, and on that basis denies the same.

65.     With respect to the allegations in paragraph 65 of the Complaint, RIM is without knowledge or information sufficient to form a belief as to their truth as they pertain to any other defendant, and on that basis denies the same.  RIM denies the allegations as they pertain to RIM.

### COUNT THREE
(INFRINGEMENT OF THE '492 PATENT)

66.     RIM incorporates its answers in response to the allegations in paragraphs 1 through 41 of the Complaint as if fully set forth here.

67.     With respect to the allegations in paragraph 67 of the Complaint, RIM admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies that GPNE is entitled to any relief.

68.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and on that basis denies the same.

69.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and on that basis denies the same.

70.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and on that basis denies the same.

71.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and on that basis denies the same.

72.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and on that basis denies the same.

73.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and on that basis denies the same.

74.     RIM denies the allegations in paragraph 74 of the Complaint.

75.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and on that basis denies the same.

76.     RIM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and on that basis denies the same.

77.     With respect to the allegations in paragraph 77 of the Complaint, RIM is without knowledge or information sufficient to form a belief as to their truth as they pertain to any other defendant, and on that basis denies the same.  RIM denies the allegations as they pertain to RIM.

## AFFIRMATIVE DEFENSES

RIM asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the plaintiff, to the allegations in GPNE's Complaint.  RIM reserves the right to amend their answer and affirmative defenses as this matter progresses:

## FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     RIM Ltd. and RIM Corp. are not infringing, and have not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine or equivalents, willfully or otherwise.

## THIRD AFFIRMATIVE DEFENSE

3.     Each and every claim of the patents-in-suit is invalid and/or void for failure to comply with one or more requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

## FOURTH AFFIRMATIVE DEFENSE

4.     GPNE's claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

5.     GPNE's claims are barred in whole or in part by waiver.

## SIXTH AFFIRMATIVE DEFENSE

6.     GPNE's claims are barred in whole or in part by the doctrines of estoppel and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.     GPNE's claims are barred in whole or in part by its unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.     GPNE's claims are barred in whole or in part by the doctrine of patent misuse.

## NINTH AFFIRMATIVE DEFENSE

9.     By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit; and/or by reason of prior statements, assertions, and/or representations made by or on behalf of GPNE's predecessors in interest to the patents-in-suit in this or another Court, GPNE is estopped from asserting any construction of the claims of the patents-in-suit that would cover any product, method, or service of RIM accused of infringement in this case.

## TENTH AFFIRMATIVE DEFENSE

10.     By reason of proceedings in the United States Patent and Trademark Office during prosecution of each and every one of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the patents-in-suit, GPNE is estopped to construe the claims of the patents-in-suit in any way to cover any product, method, or service of RIM under the doctrine of equivalents.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     GPNE's claim for damages is limited by 35 U.S.C. § 286.

## TWELFTH AFFIRMATIVE DEFENSE

12.     GPNE is barred in whole or in part from recovering any damages for any alleged infringement of the patents-in-suit pursuant to 35 U.S.C. § 287.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     GPNE is precluded from recovering costs under 35 U.S.C. § 288.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     GPNE's claims are barred, at least in part, by 28 U.S.C. § 1498.  To the extent that GPNE's claims relate to the sale to and/or use by the United States government of the allegedly infringing products, GPNE's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     RIM is entitled to intervening rights pursuant to 35 U.S.C. §§ 252 and

307.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     RIM reserves the right to amend its answer to assert additional

affirmative defenses as this matter progresses.

**WHEREFORE**, RIM prays as follows:

A.     that the Complaint herein be dismissed with prejudice;

B.     that this case be declared "exceptional" under the provisions of

35 U.S.C. § 285, among other statutes, and that RIM Ltd. and

RIM Corp. be awarded their costs, expenses, and reasonable

attorneys' fees upon prevailing in this action; and

C.     for such other and further relief as the Court may deem just and

proper.

DATED: Honolulu, Hawaii, August 29, 2011.


                          /s/ Michael M. Purpura
                          MICHAEL M. PURPURA
                          MICHAEL J. SCANLON

                          Attorneys for Defendants and
                          Counterclaimants
                          RESEARCH IN MOTION LTD. and
                          RESEARCH IN MOTION CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GPNE CORP., | CIVIL NO. 11-00426 JMS RLP |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| AMAZON.COM, INC., APPLE INC., BARNES & NOBLE, INC., GARMIN LTD., GARMIN INTERNATIONAL, INC., NOKIA CORPORATION, NOKIA, INC., PANTECH CO., LTD., PANTECH WIRELESS, INC., RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORPORATION, SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, SONY ERICSSON MOBILE COMMUNICATIONS AB, AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Defendants Research In Motion Limited and Research In Motion Corporation, by and through their counsel, Carlsmith Ball LLP and Wilmer Cutler Pickering Hale and Dorr LLP, hereby demand a trial by jury of all issues so triable in the above-entitled action.

DATED: Honolulu, Hawaii, August 29, 2011.


/s/ Michael M. Purpura
MICHAEL M. PURPURA
MICHAEL J. SCANLON

Attorneys for Defendants and
Counterclaimants
RESEARCH IN MOTION LTD. and
RESEARCH IN MOTION CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GPNE CORP., | CIVIL NO. 11-00426 JMS RLP |
| Plaintiff, | COUNTERCLAIMS |
| vs. | |
| AMAZON.COM, INC., APPLE INC., BARNES & NOBLE, INC., GARMIN LTD., GARMIN INTERNATIONAL, INC., NOKIA CORPORATION, NOKIA, INC., PANTECH CO., LTD., PANTECH WIRELESS, INC., RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORPORATION, SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, SONY ERICSSON MOBILE COMMUNICATIONS AB, AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., | |
| Defendants. | |

## **COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Research In Motion Limited ("RIM Ltd.") and Research In Motion Corporation ("RIM Corp.") (collectively, "RIM"), by and through their counsel, Carlsmith Ball LLP and Wilmer Cutler Pickering Hale and Dorr LLP, hereby bring their counterclaims (the "Counterclaims") against counterclaim-defendant GPNE Corp. ("GPNE"), alleging as follows:

## THE PARTIES

1.      RIM Ltd. is a corporation organized and existing under the laws of the province of Ontario, Canada, and has its principal place of business in Waterloo, Ontario, Canada.

2.      RIM Corp. is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in Irving, Texas.

3.      Upon information and belief, GPNE is a corporation organized and existing under the laws of the state of Delaware and has its principal place of business in Honolulu, Hawaii.

4.      GPNE has brought suit against RIM alleging infringement of U.S. Patent Nos. 7,555,267 (the "'267 patent"); 7,570,954 (the "'954 patent"); and 7,792,492 (the "'492 patent").

## JURISDICTION AND VENUE

5.      The Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202.

6.      This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      GPNE is subject to the personal jurisdiction of this Court, and has consented to the personal jurisdiction of this Court by filing its Complaint.

8.     For the convenience of parties and witnesses, and in the interests of justice, this Court should transfer this action.  To the extent, however, that the Court determines this venue is proper for GPNE's claims, venue is also proper for RIM's Counterclaims.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment—Noninfringement of the '267 Patent)

9.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

10.     The '267 patent was issued by the United States Patent and Trademark Office on June 30, 2009.

11.     GPNE claims to own and hold the rights to the '267 patent.

12.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the infringement of the '267 patent.

13.     RIM Ltd. and RIM Corp. have not infringed, are not infringing, and are not threatening to infringe the '267 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

14.     RIM is entitled to a declaratory judgment that RIM Ltd. and RIM Corp. have not infringed and are not infringing the '267 patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment—Noninfringement of the '954 Patent)

15.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

16.     The '954 patent was issued by the United States Patent and Trademark Office on August 4, 2009.

17.     GPNE claims to own and hold the rights to the '954 patent.

18.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the infringement of the '954 patent.

19.     RIM Ltd. and RIM Corp. have not infringed, are not infringing, and are not threatening to infringe the '954 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

20.     RIM is entitled to a declaratory judgment that RIM Ltd. and RIM Corp. have not infringed and are not infringing the '954 patent.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment—Noninfringement of the '492 Patent)

21.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

22.     The '492 patent was issued by the United States Patent and Trademark Office on September 7, 2010.

23.     GPNE claims to own and hold the rights to the '492 patent.

24.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the infringement of the '492 patent.

25.     RIM Ltd. and RIM Corp. have not infringed, are not infringing, and are not threatening to infringe the '492 patent, directly, jointly, or indirectly, either literally or under the doctrine of equivalents, willfully or otherwise.

26.     RIM is entitled to a declaratory judgment that RIM Ltd. and RIM Corp. have not infringed and are not infringing the '492 patent.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment—Invalidity of the '267 Patent)

27.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

28.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the validity of the '267 patent.

29.     Upon information and belief, each and every claim of the '267 patent is invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

30.     RIM is entitled to a declaratory judgment that the claims of the '267 patent are invalid.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment—Invalidity of the '954 Patent)

31.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

32.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the validity of the '954 patent.

33.     Upon information and belief, each and every claim of the '954 patent is invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

34.     RIM is entitled to a declaratory judgment that the claims of the '954 patent are invalid.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment—Invalidity of the '492 Patent)

35.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

36.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the validity of the '492 patent.

37.    Upon information and belief, each and every claim of the '492 patent is invalid and void for failing to meet one or more of the requirements and/or conditions for patentability specified by Title 35 of the United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112.

38.    RIM is entitled to a declaratory judgment that the claims of the '492 patent are invalid.

## SEVENTH CAUSE OF ACTION
### (Declaratory Judgment—Unenforceability of the '267 Patent)

39.    RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

40.    An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the enforceability of the '267 patent.

41.    Upon information and belief, the '267 Patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

42.    RIM is entitled to a declaratory judgment that the '267 patent is unenforceable.

## EIGHTH CAUSE OF ACTION
### (Declaratory Judgment—Unenforceability of the '954 Patent)

43.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

44.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the enforceability of the '954 patent.

45.     Upon information and belief, the '954 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

46.     RIM is entitled to a declaratory judgment that the '954 patent is unenforceable.

## NINTH CAUSE OF ACTION
### (Declaratory Judgment—Unenforceability of the '492 Patent)

47.     RIM incorporates by reference the allegations of paragraphs 1 through 8 of this Counterclaim as if fully set forth here.

48.     An actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between GPNE and RIM with respect to the enforceability of the '492 patent.

49.     Upon information and belief, the '492 patent is unenforceable because of waiver, estoppel, laches, unclean hands, implied license, patent exhaustion, and/or other applicable equitable doctrines.

50.     RIM is entitled to a declaratory judgment that the '492 patent is unenforceable.

## **REQUEST FOR RELIEF**

**WHEREFORE**, RIM respectfully requests entry of judgment in its favor and against GPNE as follows:

A.     That the Court enter a declaratory judgment declaring that RIM Ltd. and RIM Corp. do not directly or indirectly infringe the patents-in-suit;

B.     That the Court enter a declaratory judgment declaring the claims of the patents-in-suit to be invalid and/or void;

C.     That the Court enter a declaratory judgment declaring the claims of the patents-in-suit to be unenforceable;

D.     That this case be declared "exceptional" under the provisions of 35 U.S.C. § 285, among other statutes, and that RIM Ltd. and RIM Corp. be awarded its costs, expenses and reasonable attorneys' fees upon prevailing in this action; and

E.     That the Court award RIM Ltd. and RIM Corp. such other and further

relief as the Court may deem just and appropriate.

DATED: Honolulu, Hawaii, August 29, 2011.


/s/ Michael M. Purpura
MICHAEL M. PURPURA
MICHAEL J. SCANLON

Attorneys for Defendants and
Counterclaimants
RESEARCH IN MOTION LTD. and
RESEARCH IN MOTION CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GPNE CORP., | CIVIL NO. 11-00426 JMS RLP |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| AMAZON.COM, INC., APPLE INC., BARNES & NOBLE, INC., GARMIN LTD., GARMIN INTERNATIONAL, INC., NOKIA CORPORATION, NOKIA, INC., PANTECH CO., LTD., PANTECH WIRELESS, INC., RESEARCH IN MOTION LTD., RESEARCH IN MOTION CORPORATION, SHARP CORPORATION, SHARP ELECTRONICS CORPORATION, SONY ERICSSON MOBILE COMMUNICATIONS AB, AND SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was duly served upon the following party on this date as

indicated below:

|  | Electronically through CM/ECF | U.S. Mail |
|---|---|---|

ROBERT G. KLEIN                      klein@m4law.com
SHAUN M. MUKAI                      smm@m4law.com
KENNETH J. MANSFIELD            mansfield@m4law.com
JORDON J. KIMURA                     kimura@m4law.com
McCorriston Miller Mukai
MacKinnon LLP
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813

      (and)

BARRY J. BUMGARDNER            barry@nbclaw.net
STEVEN W. HARTSELL               shartsell@nbclaw.net
Nelson Bumgardner Casto, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107

      (and)

HOWARD J. SUSSER                    hsusser@burnslev.com
PAUL T. MUNIZ                          pmuniz@burnslev.com
MERTON E. THOMPSON            mthompson@burnslev.com
DOUGLAS E. CHIN                     dchin@burnslev.com
ZACHARY R. GATES                   zgates@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110-1624

Attorneys for Plaintiff
GPNE CORP.

DATED: Honolulu, Hawaii, August 29, 2011.


/s/ Michael M. Purpura
MICHAEL M. PURPURA
MICHAEL J. SCANLON

Attorneys for Defendants and
Counterclaimants
RESEARCH IN MOTION LTD. and
RESEARCH IN MOTION CORPORATION